ANNA WILSON, PLAINTIFF, v. DAVID B. BROWN, DEFENDANT.

Submitted October 12, 1928—Decided April 11, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the plaintiff, *Francis A. Gordon*.

For the defendant, *Samuel D. Williams*.

PER CURIAM.

The substantial reasons presented on this rule were that the verdict was against the weight of evidence and that it was contrary to the charge of the court; also that it was excessive. There seems to be no argument in the brief on the point that the verdict was against the charge of the court. We do not think it was against the weight of the evidence. The plaintiff was riding in a taxicab from Elizabeth to Elizabethport on a wet, slippery day, and passing Clark Place, which comes in from the south but does not cross Third street, the taxicab was met by the defendant's truck coming north on Clark Place and beginning to turn to its left and towards the west. This would cause the truck to cross in front of the taxicab if there was room to do so; there was not room but as indicated by the testimony the truck continued to turn to its left and the taxicab driver in trying to avoid the collision swerved to his left toward the north side of Third street and was caught by the truck at the right hind wheel and jammed against a telegraph pole. As Mrs. Wilson was merely a passenger in the taxicab, no question of negligence of her driver is involved and we are concerned merely with the negligence of the defendant's driver. There is not much argument in the brief on the question of liability, and we are clear that the verdict should not be set aside as against the weight of evidence, especially in view of the admissions by the defendant's driver on the stand that his brakes had been slipping that day, which was most likely as the weather was wet and rainy.

. As to the amount of the verdict which was for $3,500, there is an attempt to minimize the injuries, but while no bones were broken, the plaintiff suffered a general shaking up and bruises, a minor concussion of the brain with local injury to the nerves, she was ten days in hospital, three weeks in bed at home, three months confined to the house, lost a great deal of income as a practical nurse because of her disability, and

at the time of the trial she testified she still did not have enough grip in her hand to lift a flat iron, and if any strength is required in her occupation of nursing she has to call for help.

We are perfectly clear that the rule should be discharged and confess to some surprise that it was ever granted.